**BREMER, ESTATE OF, In Re**

Ohio Appeals, 1st Dist, Hamilton Co

No 5926. Decided March 24, 1941

Bolsinger & Hoodin, Cincinnati, for appellant.

Paxton & Seasongood, Cincinnati, for appellee.

## OPINION

By MATTHEWS, PJ.

This is an appeal from an order of the Probate Court of Hamilton County, directing payment of balance of estate to the widow.

The estate was appraised at $6592.85. The only asset from which any money was realized was incumbered real estate, which was sold for less than the appraisement. The balance remaining in the estate after paying the liens and costs, including fees, in the sales case, is $1114.31.

The appraisers set off to the widow under §10509-54 GC, as exempt from administration, the sum of $1300.00.

There were presented to the executor and allowed by him various unsecured claims, including the claim of the funeral director for the burial.

There was not sufficient funds in his hands to pay all these claims and pay the costs of the administration of the estate, including executor's and attorney's fees; and in this situation the executor filed an application for instructions and directions as to the manner of distributing this fund.

On this application the Probate Court found that the right of the widow was superior to all other claims presented and ordered the entire balance paid to her. It is from that order that this appeal was taken.

The question argued was whether the right of the widow is superior to the claim of the Probate Court for the

costs of the general administration of the estate and the executor and his attorneys to be paid for their services.

This calls for the interpretation and application of §10509-54 GC, which we quote:

"When a person dies leaving a surviving spouse, or minor child or children, the following property if selected as hereinafter provided shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate; household goods, livestock, tools. implements, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such surviving spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more tnan twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal tne difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal. belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

It will be observed that the property specifically selected as exempt "shall not be deemed assets or administered as such" and that the claim for the difference between the value of the specific property selected and twenty per cent of the appraised value of the estate "shall be a charge on all property, real and personal, belonging to the estate prior to the claims of all unsecured creditors of the deceased or of the estate."

It is manifest that the legislature intended to exclude this allowance to the widow from the hazards of the administration by transferring title to her just as soon as it could be separated from the mass of the estate. The part segregated and set off was to be twenty per cent of the entire appraised value of the estate, not twenty per cent after deducting court costs and attorney's fees.

It is clear that were there sufficient funds left in the estate to pay the court costs and attorney's fees, they would be payable therefrom and no part deducted from the award to the widow as exempt from administration. Does the fact that there is no such fund change the rule? We are referred to §10509-121 GC, as authority for the application of a different rule. That section provides for the order in which debts should be paid. In the order prescribed by that section the funeral expenses, expenses of last sickness, and costs of administration head the list, but all these claims are unsecured, and by §10509-54 GC, this claim is expressly made a charge upon all the property of the estate prior to all unsecured claims.

It is true that ordinarily one who invokes the jurisdiction of a court is under an obligation to pay the costs, but that is a rule in the absence of a statute. We know of no limitation on the power of the legislature to prescribe a different rule, and we find that by §10509-54 GC, the legislature has adopted a different rule.

For these reasons, the judgment is affirmed.

ROSS & HAMILTON, JJ., concur.